UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Printful, Inc., a Delaware corporation,

                          Plaintiff,

       vs.

2453047 ONTARIO LTD. d/b/a Shirtly, a
Canadian corporation; and DOES 1 through 10,
inclusive,

                        Defendant.


_____

                Civil No:_____

## COMPLAINT

       Plaintiff Printful, Inc. ("Plaintiff" or "Printful") for its Complaint against

defendant 2453047 Ontario Ltd. d/b/a Shirtly ("Defendant Ontario") and DOES 1 through 10,

inclusive (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

       1.       This action arises out of Defendants' copying of Plaintiff's copyrighted

embroidery guidelines and mockup images to advertise and sell Defendants' competing print-on-

demand drop shipping and fulfillment services.  Plaintiff seeks injunctive relief, damages,

attorneys' fees, and costs against Defendants for copyright infringement under 17 U.S.C. section

101, *et seq*. and for common law unfair competition.

## PARTIES

       2.       Printful is a Delaware corporation with its principal place of business at

11025 Westlake Dr, Charlotte, North Carolina 28273.

3.      On information and belief, Defendant Ontario is a Canadian corporation with a United States business office and/or production facility located at 8742 Buffalo Ave, Niagara Falls, New York 14304.

4.      According to the public records maintained by the United States Patent and Trademark Office ("USPTO"), Defendant Ontario is the registered owner of several United States federal trademark registrations and is represented by counsel in the United States with respect to those registrations.

5.      Further according to the USPTO's public records, Defendant Ontario's federal trademark registrations include two registrations for the mark "Shirtly", namely U.S. Registration Nos. 5,498,225 and 5,610,945.  In connection with obtaining and maintaining these registrations, Defendant Ontario has submitted declarations to the USPTO under penalty of perjury that it has been using the mark "Shirtly" in United States commerce since March 20, 2018 for the following services: (1) "Shipping of goods, namely, drop shipping goods on behalf of others to a purchaser"; (2) "Printing services"; and (3) "Providing on-line, non-downloadable software for automating on-demand printing and shipping of user-created designs; Providing on-line, non-downloadable software for managing online store inventory; Providing on-line, non-downloadable software for online order fulfillment."

6.      In addition to maintaining several federal trademark registrations in the United States (including the two registrations noted above for the mark "Shirtly"), on information and belief, Defendant Ontario also transacts business within the State of New York and contracts to supply goods and services in this state.

- 2 -

7.     Specifically, on information and belief, Defendant Ontario operates an interactive website at http://www.shirtly.com/ (the "Shirtly Website"), through which it advertises and sells print-on-demand drop shipping and fulfillment services – as well as a variety of goods provided through those services – to consumers residing within the State of New York and in particular within this judicial district.

8.     On information and belief, then, Defendant Ontario has purposefully directed business activities towards consumers residing in this judicial district, including without limitation by entering into sales contracts with residents of this judicial district, directing online advertising toward residents of this judicial district, shipping products to residents of this judicial district, and calculating and collecting New York sales tax on sales to residents of this judicial district.

9.     By engaging in the activities set forth herein on information and belief, Defendant Ontario has purposefully availed itself of the privilege of transacting business in this forum, thereby invoking the benefits and protections of the laws of the State of New York, and of this judicial district in particular.

10.     The Shirtly Website states on its terms of service page (available at https://www.shirtly.com/policies/terms-of-service) that "The owner of the Website is based in the Commonwealth of New York in the United States."  Those terms of service further state that: "Any legal suit, action or proceeding arising out of, or related to, these Terms of Use or the Website shall be instituted exclusively in the appropriate federal court or state court located in the Commonwealth of New York."

11. On information and belief, Defendant Ontario is the owner of the Shirtly Website, and therefore "is based in the Commonwealth of New York" as stated on that website. In the alternative, to the extent there is a different individual or entity owner of the Shirtly Website besides Defendant Ontario, Plaintiff identifies this owner as DOE 1 and alleges on information and belief that DOE 1 is working in conjunction with Defendant Ontario to operate the Shirtly Website.

12. On information and belief, Plaintiff alleges that each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and is liable to Plaintiff for the damages and relief sought herein.

13. On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent, servant, alter ego, employee and/or successor or predecessor in interest of each of the other defendants and was at all times acting within the course and scope of such agency, employment, or other relationship, with the knowledge, approval, consent, or ratification of each of the other defendants.

14. The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## JURISDICTION AND VENUE

15.     This action arises in substantial part under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*.  This Court has original subject matter jurisdiction over e4Hats's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b), and pendent jurisdiction over the state law claims under 28 U.S.C. § 1367 in that said claims are joined with substantially related claims under the Copyright Act.

16.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants maintain a business office and/or production facility located at 8742 Buffalo Ave, Niagara Falls, New York 14304, they have advertised and sold print-on-demand drop shipping and fulfillment services – and a variety of goods provided through those services – to consumers residing within this judicial district, including via their interactive Shirtly Website, and for the additional reasons alleged in paragraphs 4-11 *supra*, including that Defendants purposefully availed themselves of the privilege of transacting business in this forum, thereby invoking the benefits and protections of the laws of this state and judicial district.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (3) and 1391(c)(2) because Defendants are deemed to reside in this judicial district by virtue of maintaining an office in Niagara Falls, New York, and because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

**A.**      **Printful Uses Its Copyrighted Images and Embroidery Guidelines In Selling Its Printing and Fulfillment Services and Customized Products**

18.      Printful is a printing and fulfillment company that leverages technology to enable customers around the world to develop all aspects of their businesses.  Founded in Los Angeles, California in 2010, Printful now offers entrepreneurs and companies of all sizes and in all industries around the globe a wide array of services, including print-on-demand drop shipping, warehousing and fulfillment, graphic design services, video, photography, and store setup services.

19.      Printful's print-on-demand drop shipping and fulfillment warehouse services allow its customers to create and sell custom products online.  In essence, https://www.printful.com/ (the "Printful Website") provides everything a business owner needs to run an online store, from creating the images used to advertise their custom products to making and delivering those products to their end customers.

20.      Today, Printful has over 362,000 active customers and has been trusted to help its customers sell over 33.7 million items (worth over $820 million) through Printful.  Many of Printful's hundreds of thousands of satisfied customers have shared positive feedback, such as that Printful's time-saving tools helped them to grow their businesses and deliver high quality products.

21.      The Printful Website includes a "Design Maker" suite of tools available at https://www.printful.com/design-maker, which enables business owners to create original, custom product designs.  While some of Printful's "Design Maker" tools may be viewed without

logging into the website, a user must create an account with Printful to access and use Printful's "Design Maker."

22.     In order to create an account with Printful, in turn, a user must agree to Printful's "Terms of Service."  These include a specific acknowledgement that all "Digital items (like mockups, templates, images and other design assets) . . . created in connection with the Products and/or Services we offer and their intellectual property rights belong exclusively to Printful.  Digital items and any results may only be used in connection with the advertising, promoting, offering and sale of Printful's Products and may not be used for other purposes or in conjunction with products from other manufacturers."

23.     As such, a user may only access Printful's "Design Maker" and the digital items made available on the Design Maker after acknowledging that those digital items— including specifically mockups, templates, images and other design assets—and their intellectual property rights belong exclusively to Printful.

24.     One of the reasons that Printful protects these mockup image files is that it creates these original image files by first taking photographs of the products, then painstakingly editing those photographs using digital editing techniques for optimal appearance and so that the final image files may be used as mockups.

25.     Among other things, Printful's careful editing achieves a ".png" or "Portable Network Graphics" image file that has the product within in the image displayed on a transparent background, meaning the customer can then place that image file over their own preferred background.  Shown below are examples of one of Printful's copyrighted images for the "Classic Dad Hat Photo" displayed over two different custom backgrounds (gray and

patterned) to show how the transparency of Printful's .png file background allows both the

product and its shadows to display seamlessly over the customer's chosen background:



| Printful's Photo On Gray Background |
| :---: |

| Same Photo On Patterned Background |
| :---: |

26.     Once a user has created an account and acknowledged Printful's

intellectual property rights in its digital items, that user can log in to that Printful account to use

Printful's "Design Maker" to create mockup images of a wide variety of products with

customized color, sizing, and add-on design details.

27.     For example, below is a true and correct copy of an excerpt of the Printful Design Maker, showing the "Default mockups" selected for the Yupoong 6606 Retro Trucker Hat and only the text "test" added to the base design:



28.     To use Printful's "Design Maker," first, the user creates a base mockup design for their chosen product, selecting the color(s) and adding on other design features, such as text or other embroidered designs.

29.     Next, the user can select their preferred mockup style(s), viewing and selecting from among Printful's copyrighted mockup image files that display the user's product design at various angles and with different backgrounds or models.

30.     Lastly, the user can select the option to "Generate files" for the Printful mockup images that he or she has selected, as shown in the image above.

31.     Once the "Generate files" button is selected, the user is provided with the further option to "Download file."  When the user is presented with both of these options, a prompt appears to the right of the "Generate files" or "Download file" button that reminds the user that: "By using our Mockup Generator [i.e. part of the Printful Design Maker] you agree to Printful's Terms of Service and Privacy Policy."

32.     The "Design Maker" feature is extremely useful for Printful customers – and distinguishes Printful's services from those of its competitors – because it allows Printful customers to generate customized images of their custom Printful products and then use those customized images to sell their products to their end consumers.  This tool allows Printful customers to create personalized product images for their online stores without having to order and photograph samples.

33.     Using Printful's "Design Maker" and copyrighted mockup images  in this way is in line with Printful's "Terms of Service," as users agree to use any digital items only "in connection with the advertising, promoting, offering and sale of Printful's Products."  Users are prohibited, however, from using those images "for other purposes or in conjunction with products from other manufacturers."

- 10 -

34.     Plaintiff owns the copyright in its mockup images, including the particular "Classic Dad Hat Photo" displayed above (*see supra*, ¶ 25; collectively the "Mockup Images"). Plaintiff's copyrights are titled "Printful Mockup Product Photos No. 1" and "Printful Classic Dad Hat Photo" (the "Photographs Copyrights"), with registration dates of March 23 and 30, 2021, respectively.  A true and correct copy of the Certificates of Registration issued by the United States Copyright Office for the Photographs Copyrights, registration numbers VAu 1-424-266 and VAu 1-425-041, is attached to this Complaint as **Exhibit A**.

35.     In addition to Printful's copyrighted Mockup Images, the Printful Website also provides users with embroidery guidelines.  The embroidery guidelines are an original work authored by Printful and into which Printful incorporated several creative, original elements, including both text and artwork, to assist its users in designing customized embroidered products.  The embroidery guidelines allow users to learn about the most common issues with embroidery files and how to avoid them, therefore having this knowledge, users can avoid needing consultations on creating their design, as well as improve quality of the end results.

36.     Plaintiff owns the copyright in its embroidery guidelines (the "Embroidery Guidelines").  Plaintiff's copyright is titled "Printful Embroidery Guidelines" (the "Embroidery Guidelines Copyright"), with a registration date of March 17, 2021.  A true and correct copy of the Certificate of Registration issued by the United States Copyright Office for the Embroidery Guidelines Copyright, registration number TXu 2-243-800, is attached to this Complaint as **Exhibit B**.

37.     Since creating both the Mockup Images and Embroidery Guidelines, Plaintiff has been and is still the sole proprietor of all of the rights, title and interest in and to the Photographs Copyrights and the Embroidery Guidelines Copyright.

**B.      Defendants Use Printful's Copyrighted Embroidery Guidelines and Mockup Images To Advertise and Sell Shirtly's Competing Services**

38.     Plaintiff is informed and believes and based thereon alleges that Defendants are engaged in the advertising and sale of print-on-demand drop shipping and fulfillment services to consumers residing in the State of New York and in particular within this judicial district, in direct competition with Printful.

39.     Further on information and belief, Defendants have used Printful's copyrighted Mockup Images and Embroidery Guidelines in connection with their sale of similar (if not identical) services and products, including on the Shirtly Website and in other advertisements, such as on social media.

40.     Specifically, on information and belief, Defendants have incorporated copies of Printful's Mockup Images into the Mock-Up Generator made available through the Shirtly Website, using versions of Printful's copyrighted images that are substantially similar (if not identical) to the default mockup images provided through Printful's Design Maker for registered users of the Printful Website.

41.     Below is a true and correct copy of an excerpt of the Shirtly Website's "Mock-Up Generator"—showing images that were apparently copied from Printful's copyrighted Mockup Images—when compared to the excerpt from the Printful Website shown above (*see supra* ¶ 27):



42.     Further on information and belief, Defendants have used these images to sell similar print-on-demand drop shipping and fulfillment services for such identical products as the "Yupoong 6606 Retro Trucker Hat" shown above.

43.     Moreover, on information and belief, on top of adopting Printful's mockup images to sell the same or similar products and services, Defendants have also copied several of the original, creative elements of Printful's Embroidery Guidelines and incorporated those elements into embroidery guidelines made available on the Shirtly Website in conjunction with the sale of similar, embroidered print-on-demand products.

44.     Among other similarities, the embroidery guidelines that Defendants make available on the Shirtly Website feature the following text and artwork, which appears to have

been copied directly from Printful's Embroidery Guidelines (also shown below for comparison) and then only slightly adjusted:

## Excerpt from Shirtly's Embroidery Guidelines

**FILE FORMAT**
**PNG files** are required. We digitize all files and don't accept files you've digitized yourself.

**TRUE TO SIZE GRAPHICS**
We cannot adjust the size of your graphic. Be sure to submit your design **true to size.**

**TRANSPARENT BACKGROUNDS**
All colors that appear in your design will be embroidered, so be careful with white backgrounds. If you want a blank background, it should be made **transparent.**

**SHAPES**
Do not include photographic imagery, **use solid shapes only.**

**FONTS**
Avoid overly complicated fonts. If your font is too complex - it contains alot of fine details (small text, thin lines, etc.) we will need to contact you to revise your design.

**COLOR**
**Use solid colors only** (no gradients or blends). Maximum of 6 colors are able to be used in one design.

Below is a list of the available embroidery colors. Make sure you use **only these colors** in your print files.

## Excerpt from Printful's Embroidery Guidelines

**FILE FORMAT**
Vector files (**AI, PDF, EPS**), are highly recommended. If you don't have vector files available, raster files can be used as well if the resolution is at least **300 dpi**. We digitize all files and don't accept files you've digitized yourself.

**TRUE TO SIZE GRAPHICS**
We can only adjust the size of your graphics by 10% once digitized. Be sure to submit graphics that are **true to size.**

**TRANSPARENT BACKGROUNDS**
All colors that appear in your graphic will be embroidered, so be careful with white backgrounds. If you want a blank background, it should be made **transparent.**

**SHAPES**
Do not include photographic imagery, use **solid shapes only.**

Avoid overly complicated designs. If your design is **too complex** - it contains lots of fine details (small text, thin lines, etc.) - we'll need to contact you to revise your graphic.

**FONTS**
All fonts in your embroidery files should be **converted to outlines** so you don't have to send over the font files.

When creating a front logo for Partial 3D (3D Puff and Flat embroidery used in one design), follow the guidelines for both methods.

**COLOR**
**Use solid colors only** (no gradients or blends).

Maximum of **6 colors** for each placement (front/side/back) and embroidery type (Flat, 3D Puff, Partial 3D).

Below is a list of the **available embroidery colors.** Make sure you use **only these colors** in your embroidery files.

*These colors match the bills of our Otto and Yupoong caps

45.     Comparing the images in Plaintiff's Photographs Copyrights and those of Defendants' products sold through the Shirtly Website – and comparing the text and artwork that Defendants apparently incorporated from Printful's Embroidery Guidelines Copyright into their own embroidery guidelines – shows that Defendants intentionally copied Plaintiff's copyrighted Mockup Images and Embroidery Guidelines to sell their similar products and services.

46.     In addition, Defendants posted the following on social media, namely, on Instagram using the account @shirtlyprintondemand, to advertise Shirtly's competing products and services (https://www.instagram.com/p/CD4NgbWFQ4x/).



47.     As with the other materials that Defendants apparently copied from the Printful Website to use on the Shirtly Website, on information and belief, this post includes a version of Printful's "Classic Dad Hat Photo" displayed above (*see supra*, ¶ 25) with the text "EMBROIDERED HATS ARE HERE" added on top.  In particular, this image is clearly one of Printful's copyrighted Mockup Images, as Defendants were able to use the .png file's transparent background to place Printful's original image file over the background shown above.

48.     Defendants have been unjustly enriched by their copying and use of the Mockup Images, the Embroidery Guidelines, and/or works derived from these Printful copyrighted works, and Plaintiff is entitled to, at a minimum, all of Defendants' profits from the sale of the products marketed with these works, or statutory damages for the infringement of Plaintiff's copyrights, whichever is greater, plus fees, costs and increased damages for willfulness.

## FIRST CAUSE OF ACTION

### (Copyright Infringement)

49.     Printful repeats and realleges the allegations contained in paragraphs 1 through 48 of this Complaint and incorporates them by reference, as though fully and completely set forth herein.

50.     Plaintiff is the owner of valid copyrights in the Embroidery Guidelines and in the Mockup Images, which are original works created by Plaintiff.

51.     By means of the actions complained of herein, Defendants have infringed Plaintiff's copyrights in and relating to the Embroidery Guidelines and the Mockup Images by producing, distributing and using in the market both embroidery guidelines that substantially copy the Embroidery Guidelines and mockup images that were substantially and/or exactly copied from the Mockup Images.

52.     Plaintiff is currently and at all times relevant hereto has been the owner of all of the rights, title and interest in and to the Photographs Copyrights and the Embroidery

Guidelines Copyright.  Plaintiff has produced and distributed the subject works in conformity

with provisions of the Copyright Act of 1976 and the laws governing copyright.

53.     On information and belief, Defendants, and each of them, have and has

willfully copied Plaintiff's Mockup Images and Embroidery Guidelines for the specific purpose

of infringing Plaintiff's copyrights for Defendants' own benefit and pecuniary interest and to the

detriment of Plaintiff.  On information and belief, Defendants have copied the Photographs for

profit throughout the United States.

54.     The natural, probable and foreseeable result of the aforesaid conduct of

Defendants has been to deprive Plaintiff of business, to injure Plaintiff's relations with

prospective customers, and to impose substantial expenses on Plaintiff to counteract the

aforesaid conduct.

55.     Plaintiff is informed and believes and based thereon alleges that it has lost

revenues, and has sustained damages as a result of Defendants' aforesaid wrongful conduct.

56.     Pursuant to 17 U.S.C. section 502(a), Plaintiff is entitled to a final

injunction on such terms as the Court may deem reasonable to prevent or restrain any further

infringement of Plaintiff's copyright in the Photographs.

57.     Pursuant to 17 U.S.C. section 503, Plaintiff is entitled to an immediate

order impounding, on such terms as the Court may deem reasonable, all copies of Defendants'

images, designs or products which have been made or used in violation of Plaintiff's exclusive

rights in the Mockup Images and Embroidery Guidelines.  As part of a final judgment or decree,

Plaintiff is also entitled to seek a court order requiring the destruction or other reasonable

disposition of all copies which have been made or used in violation of Plaintiff's exclusive rights in the Photographs Copyrights and the Embroidery Guidelines Copyright.

58.     Pursuant to 17 U.S.C. section 504, Plaintiff also seeks to recover actual damages suffered by Plaintiff as a result of Defendants' infringement and any and all profits of Defendants that are attributable to the infringement and not taken into account in computing actual damages.  Alternatively, Plaintiff may elect at any time before final judgment to recover instead of actual damages and profits an award of statutory damages for all infringements involved in the action for which Defendants are individually liable or are jointly and severally liable in the sum of not less than $750 nor more than $30,000 per infringement as the Court considers just.

59.     Plaintiff further alleges, based on the substantial copying of multiple materials as alleged herein, that the infringements were committed willfully by Defendants, and Plaintiff requests that the Court treble the award of statutory damages to a sum of not more than $150,000 per infringement.

60.     Pursuant to 17 U.S.C. section 505, Plaintiff seeks to recover its costs and reasonable attorneys' fees.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Printful hereby prays for relief against Defendants as follows:

1.     For an award of Plaintiff's damages and any profits of Defendants, according to proof at trial; or, alternatively, for statutory damages under the Copyright Act in the amount of $150,000;

2.      For an order that Defendants account to Plaintiff for any and all profits earned as a result of Defendants' acts of infringement in violation of Plaintiff's rights under the Copyright Act;

3.      For an order that Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined permanently after this action from (a) reproducing the Mockup Images and/or Embroidery Guidelines, (b) preparing derivative works based upon those copyrighted works, and/or (c) distributing copies of the copyrighted works and/or works derived from the Photographs in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with Defendants' products and services online or at any locality in the United States;

4.      For an order requiring Defendants to instruct, within thirty (30) days after the entry of a permanent injunction, any print directory, Internet directory, or website that they have caused to carry the copyrighted works and/or works derived from those works to cease using such works at the earliest possible date;

5.      For an order requiring Defendants to deliver to Plaintiff's attorney within thirty (30) days after the entry of a permanent injunction, to be impounded or destroyed by Plaintiff, all products, labels, prints, packages, wrappers, containers, advertising materials and any other items in their possession or control that infringe the Photographs Copyrights or the Embroidery Guidelines Copyright;

6.      For an order requiring Defendants to file with the Clerk of this Court and
serve Plaintiff, within thirty (30) days after the entry of a permanent injunction, a report in
writing, under oath, setting forth in detail the manner and form in which defendants have
complied with 5 through 7 above;

7.      For an award of punitive damages according to proof;

8.      For an award of costs and disbursements incurred in this action;

9.      For increased damages, costs, and attorneys' fees to the extent permitted
by law; and

10.      For such other and further relief as the Court deems just and proper.

Dated:  June 21, 2021

                                        Respectfully submitted,

                                        s/Melissa N. Subjeck_____
                                           Melissa N. Subjeck
                                        HODGSON RUSS LLP
                                        140 Pearl Street, Suite 100
                                        Buffalo, New York  14202
                                        (716) 856-4000
                                        msubjeck@hodgsonruss.com


                                        Michael D. Adams (*to be admitted pro hac vice*)
                                        Meredith L. Williams (*to be admitted pro hac vice*)
                                        RUTAN & TUCKER, LLP
                                        18575 Jamboree Road, 9th Floor
                                        Irvine, California  92612
                                        (714) 641-5100
                                        madams@rutan.com
                                        mwilliams@rutan.com

                                        *Attorneys for Printful, Inc., a Delaware corporation*

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Printful, Inc. demands a jury trial on all claims which are triable to a jury in this action.

Dated:  June 21, 2021

s/<u>Melissa N. Subjeck</u>
Melissa N. Subjeck
HODGSON RUSS LLP
140 Pearl Street, Suite 100
Buffalo, New York  14202
(716) 856-4000
msubjeck@hodgsonruss.com


Michael D. Adams (*to be admitted pro hac vice*)
Meredith L. Williams (*to be admitted pro hac vice*)
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California  92612
(714) 641-5100
madams@rutan.com
mwilliams@rutan.com

*Attorneys for Printful, Inc., a Delaware corporation*
